UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES S. FALLER, II ) | |
| ) | |
| Debtor(s) ) | Case No. 13-11405(1)(7) |
| ) | |
| JOE MICHAEL IRVIN, et al. ) | |
| ) | |
| Plaintiff(s) ) | AP No. 14-1004 |
| ) | |
| vs. ) | |
| ) | |
| JAMES S. FALLER, II ) | |
| ) | |
| Defendant (s) ) | |

### MEMORANDUM-OPINION

This matter is before the Court on the Motion of Defendant James S. Faller, II ("Defendant") to Disqualify the Law Firm of Harned Bachert & McGehee, PSC from representing Plaintiffs Joe Michael Irvin, et al. ("Plaintiffs"). The Court considered the Defendant's Motion to Disqualify, Plaintiffs' counsel's Response to the Motion to Disqualify and the arguments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** Plaintiff's Motion to Disqualify.

### LEGAL ANALYSIS

Defendant seeks to disqualify the law firm of Harned Bachert & McGehee, PSC ("Plaintiffs' law firm") from representing the Plaintiffs herein based on Defendant's claim that he met with a lawyer from the law firm representing the Plaintiffs several years before this action and revealed confidential information. Defendant filed an Affidavit in which he states that he met with Scott Bachert at the Warren County Courthouse in January 2007 and that Mr. Bachert referred him to an

associate in his office, William Codell. Following an initial meeting with Defendant, Mr. Codell responded to Defendant with an email dated January 24, 2007. Mr. Codell's correspondence to the Defendant references basic information need for filing a Chapter 13 case. The Defendant ultimately hired another attorney to represent his wife in a Chapter 13 proceeding. Defendant states that in late 2012 he contacted Mr. Codell regarding possible representation on issues surrounding a trust owned by his wife. Defendant also references a conversation with Mr. Bachert during a "chance meeting" at the Warren County Courthouse. Defendant contends that in these discussions with both Mr. Codell and Mr. Bachert he discussed "the exact specifics regarding the issues that I have in the complaint that he has now filed in this action." *See* Ex. 1, ¶10 to Motion to Disqualify.

Mr. Bachert, on behalf of the law firm representing the Plaintiffs, stated at the hearing that he had no recollection of having any substantive legal discussions with Mr. Faller, the Defendant. Mr. Bachert also testified that Mr. Codell is no longer associated with his law firm and after searching the law firm's records he could find no documentation that would indicate disclosure of confidential information regarding the Russell Circuit Court litigation or any matter related to this adversary proceeding.

Most notable to the Court is the documentation between Defendant and Mr. Codell in January 2007. Mr. Codell sent the Defendant a letter with the heading "Non-Engagement of Law Firm," in which Mr. Codell indicated the firm could not represent him and that the firm had "not investigated [his] case" and "are expressing no opinion as to its merits." Again, on October 2, 2012, Mr. Codell sent another "Non-Engagement of Law Firm" letter to the Defendant in which he stated the law firm could not represent him and again stated "we have not investigated your case and are expressing no opinion as to its merits." The 2012 email indicates that Defendant requested

representation on a trust in a potential Chapter 11 case, but that Mr. Codell's response was the non-engagement letter of October 2, 2012.

Defendant contends the meetings with Mr. Codell and Mr. Bachert established that Defendant was a "prospective client" under SCR 3.130(1.18)(a) of the Kentucky Supreme Court Rules. The rule prohibits a lawyer from using or revealing information learned in a consultation and provides that the lawyer shall not represent the prospective client in the same or a substantial related matter "if the lawyer received information from the prospective client that could be significantly harmful to that person . . ." SCR 3.130(1.18)(c). In the Supreme Court commentary to this particular rule, it states, ". . . the lawyer is not prohibited from representing a client with interests adverse to those of the prospective client in the same or a substantially related matter unless the lawyer has received from the prospective client information that could be significantly harmful if used in the matter." *See* Supreme Court Commentary 2009, note (6).

The Court does not find that Mr. Bachert's law firm's representation of the Plaintiffs in this case violates SCR 3.130(1.18). The Defendant failed to establish that he revealed anything to Mr. Codell in his initial meetings that would be "significantly harmful" to his defense of this adversary proceeding. This adversary proceeding is based on state court jury verdicts awarding compensatory and punitive damages to the Plaintiffs and against Defendant. This action seeks to have these debts of the Defendant declared nondischargeable under the bankruptcy code. There is no evidence that these matters were discussed by Defendant with Mr. Codell or Mr. Bachert.

No client relationship was established and even if the Defendant meets the requirements of a "prospective client" under the rule, there was no violation of the rule by the meetings with Mr. Codell. Mr. Codell was the only lawyer who had anything other than a "chance meeting" with the

-3-

Defendant. There is no evidence that any confidential information or any other information that could be significantly harmful to the Defendant's case was exchanged in the brief meeting with Mr. Codell about the trust. In fact, the record of Mr. Codell's letters disproves this. Further, Mr. Codell is no longer associated with the law firm representing the Plaintiffs. The Court accepts Mr. Bachert's testimony as an officer of the Court that he had no substantive consultation with the Defendant, nor is there any evidence to support Defendant's claims to the contrary. Accordingly, the Court will **DENY** Defendant's Motion to Disqualify Mr. Bachert's law firm from representing the Plaintiffs herein.

## CONCLUSION

For all of the above reasons, an Order denying the Motion of Defendant James S. Faller, II to Disqualify the Law Firm of Harned Bachert & McGehee, PSC from representing Plaintiffs Joe Michael Irvin, et al. accompanies this Memorandum-Opinion.

Joan A. Lloyd  
United States Bankruptcy Judge  
Dated: July 8, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES S. FALLER, II ) | |
| ) | |
| Debtor(s) ) | Case No. 13-11405(1)(7) |
| ) | |
| JOE MICHAEL IRVIN, et al. ) | |
| ) | |
| Plaintiff(s) ) | AP No.   14-1004 |
| ) | |
| vs. ) | |
| ) | |
| JAMES S. FALLER, II ) | |
| ) | |
| Defendant(s) ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Defendant James S. Faller, II to Disqualify the Law Firm of Harned Bachert & McGehee, PSC from representing Plaintiffs Joe Michael Irvin, et al., be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  July 8, 2014