UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES S. FALLER, II | ) | Case No. 13-11405(1)(7) |
| Debtor(s) | ) | |
| | ) | |
| JOE MICHAEL IRVIN et al. | ) | AP No. 14-1004 |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES S. FALLER, II | ) | |
| Defendant(s) | ) | |

## MEMORANDUM OPINION

This matter comes before this Court on Plaintiffs' Motion for Summary Judgment. The Plaintiffs are Michael Irvin, Larry E. Rogers, Scott Hammond, Samuel J. Tarter, Jamie Rogers, David F. Smith, Rose Tarter, Joey Hoover, and Carla Grider (collectively, the "Plaintiffs"). They filed this Adversary Proceeding against Defendant/Debtor James S. Faller, II ("Debtor" or "Faller"), seeking a declaration that debts owed to them by Faller are nondischargeable under 11 U.S.C § 523(a)(6). The Plaintiffs assert two claims against the Debtor: 1) defamation; and 2) abuse of process. Both claims were the subject of a Kentucky state court case filed by Plaintiffs against the Debtor in Russell County Circuit Court. A jury verdict against the Debtor was entered by the Circuit Court with regard to both the defamation claim and the abuse of process claim.

The Plaintiffs seek Summary Judgment, contending collateral estoppel precludes relitigation of the two claims. For the reasons discussed below, this Court finds that collateral estoppel does not apply to the defamation claim; however, the doctrine does apply to the abuse of process claim. Therefore, this Court finds that while the Plaintiffs are not entitled to summary

1

judgment with regard to their defamation claim, they are entitled to summary judgment with regard to the abuse of process claim.

## Facts

The relevant facts are undisputed.

### A. Defamation Claim

On or about November 27, 2007, Defendant/Debtor James S. Faller mailed a documented titled "Important Notice – Legal Matter" to the residents of Russell County.[1] As a result, Plaintiffs Irvin, Rogers, Hammond, and Tarter filed a civil action in Circuit Court against Faller alleging libel per se. On November 5, 2013, the claims asserted in the libel action were tried to a jury. The jury instructions provided at the close of trial required the jury to find the statements contained within the published document "defamatory as a matter of law" unless such statements were true. The instructions also required the jury to find for the Plaintiffs if the jury found the statements were published with knowledge of their falsity or with reckless disregard for the truth of such statements.

The jury returned a unanimous verdict finding the statements published by Faller were false, and that Faller published said statements with either knowledge that they were false or with reckless disregard as to whether they were true. The jury awarded Plaintiffs compensatory and punitive damages.

### B. Abuse of Process Claim

On or about May of 2006, Leo Grider, who is not a party to this adversary proceeding, filed an action in the United State District Court for the Western District of Kentucky (the "Federal

---

[1] It should be noted that the Motion for Summary Judgment does not include any evidence as to the subject matter of the "Important Notice – Legal Matter." However, Plaintiffs assert that the content was of such a nature as to constitute "libel per se." Debtor does not dispute this in his response.

Court Action") against Plaintiffs Michael Irvin, Jaime Rogers, Larry Rogers, Jeff Hoover, Samuel J. Tarter, Rose Tarter, David Smith, Joey Hoover, Scott Hammond, Carla Grider, Phillip Grider II, and Leah Wilson. Shortly after, Faller intervened in that action, alleging various conspiracies and violation of the Racketeer Influenced and Corrupt Organizations (RICO) statutes. The Federal Court Action was dismissed by Order dated December 19, 2006.

The individuals named as Defendants in the Federal Court Action filed suit against Faller in the Russell County Circuit Court, alleging abuse of process by Faller. On November 5, 2013, the claims asserted in the abuse of process action were tried to a jury. At the close of trial, the jury instructions required the jury to find for the Plaintiffs if they found Faller caused the filing of the Federal Court Action, that he did so for the purpose of harassing and annoying the Plaintiffs, and that such filing was not made in good faith.

The trial court directed a verdict in favor of Rose Tarter and Joey Hoover, finding the Federal Court Action was filed by Faller for the purpose of harassing and annoying the Defendants and was not filed in good faith. The jury returned a unanimous verdict in favor of the remaining Plaintiffs, awarding them each compensatory damages.

## Legal Analysis

The Plaintiffs move for summary judgment, asserting that the facts necessary to support their nondischargeability claims have been established by the prior Circuit Court judgments to which collateral estoppel applies. "In considering a motion for summary judgment, the question presented to this Court is whether there is 'no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law.'" *In re Kennedy*, 243 B.R. 1, 6 (Bankr. W.D. Ky. 1997) (citing Fed.R.Civ.P. 56(c)). "[T]he judge must view the evidence presented through the prism of the substantive evidentiary burden; i.e., whether a jury could reasonably find

3

either the plaintiff proved his case by the quality or quantity of evidence required by the law or that he did not." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "[T]he inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion," in this case, Faller, the Debtor. *Kennedy*, 243 B.R. at 6. If a question of material fact remains, the motion must be denied.

Under the Bankruptcy Code, debts arising from the willful and malicious injury by the debtor to another or another's property may be excepted from discharge in bankruptcy. 11 U.S.C. § 523(a)(6). The creditor bears the burden of proving the elements of § 523(a)(6) by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287 (1991).

11 U.S.C. § 523, "Exceptions to Discharge," provides:

> **(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-- … **(6)** for willful and malicious injury by the debtor to another entity or to the property of another entity …

The term "willful" has been defined as "deliberate or intentional," *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986), with "malicious" defined as a "conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Id.* Moreover, the United States Supreme Court has made clear that because the word "willful" in § 523(a)(6) modifies the word "injury," "nondischargeability takes a deliberate or intentional *injury*, … not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 57 (1998) (emphasis in original).

This Court must apply Kentucky's collateral estoppel doctrine to determine whether or not the debt in question is dischargeable. *See Marrese v. American Orthopaedic*, 470 U.S. 373, 380 (1997). This case involves Kentucky law regarding offensive collateral estoppel. "'Offensive collateral estoppel' refers to the successful assertion *by a party seeking affirmative relief* that a

4

party to a prior adjudication who was unsuccessful on a particular issue in that adjudication is barred from relitigating the issue in a subsequent proceeding." *Kennedy*, 243 B.R. at 9 (emphasis in original).

Offensive collateral estoppel is available when the following elements are met:

1. A final decision on the merits;
2. identity of the issues;
3. issue actually litigated and determined;
4. a necessary issue;
5. a prior losing litigant; and
6. a full and fair opportunity to litigate.

*Id.* at 10. There is no dispute that this action involves the same parties as the Circuit Court action. It is likewise clear that the same issues are involved in both cases and that the defendant is a prior losing litigant. What must be determined is whether the question of "willful and malicious injury," as required for nondischargeability under § 523(a)(6), was actually litigated and determined in Circuit Court with regards to the defamation and abuse of process claims.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Proceeding venue is proper under 28 U.S.C. § 1409(a). As a threshold matter, this Court has determined that the Circuit Court judgments were final for the purposes of collateral estoppel, despite the potential for appeal. *See Roberts v. Wilcox*, 805 S.W.2d 152, 153 (Ky. Ct. App. 1991) (holding collateral estoppel applies as soon as a conviction occurs, regardless of whether appeal is taken).

### A. Defamation Claim

In Kentucky, a claim for defamation, including a claim for libel, requires proof of:

(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Harstad v. Whiteman*, 338 S.W.3d 804, 810 (Ky. Ct. App. 2011) (citing Restatement (Second) of Torts § 558 (1977)). As the fourth element demonstrates, a successful claim for defamation typically requires proof of special harm or damages resulting from the defamatory communication. However, "when the communication concerns untrue allegations of criminal behavior or unfitness to perform a job, the communication is libelous per se" and "special harm" may be presumed. *Id.* The words "actionable per se" "denote the fact that the publication is of such a character as to make the publisher liable for defamation although no special harm results from it." Restatement (Second) of Torts § 569 (1977).

In the case at hand, Plaintiffs contend that because the Circuit Court jury instructions included a finding of "defamation as a matter of law," malice was implied, thereby satisfying the § 523(a)(6) requirement of "willful and malicious injury." Plaintiffs rely on *In re Kennedy*, 249 F.3d 576, 582 (6th Cir. 2001), and assert that where damages are found to be implied, "the Sixth Circuit … presume[s] that the speakers make such [defamatory] statements knowing that substantial harm or injury will result." Plaintiffs' Motion for Summary Judgment at 16.

Plaintiffs' reliance on *Kennedy* is flawed. In that case, the Sixth Circuit considered a bankruptcy court decision that included a finding that debtors had knowingly made a false statement. *Kennedy*, 243 B.R. at 6. The bankruptcy court there applied a three-prong test for determining whether the defamatory statement met the § 523(a)(6) "willful and malicious" requirements:

> [T]he creditor seeking the § 523(a)(6) nondischargeability determination must demonstrate: (1) the debtor *intentionally* published a defamatory statement; (2) the debtor *knew* that the defamatory statement was substantially certain to harm the person about whom the statement concerned; and (3) there was no just cause or excuse for making the statement.

243 B.R. at 8 (emphasis added).

Using that test, the bankruptcy court found the Plaintiff had met the first "intent" prong and the second "knowledge" prong, based on a declaratory judgment of the state court. The bankruptcy court emphasized that "[t]he specific issue addressed by the [state] action was whether the Debtors' conduct was 'intentional' in nature or could be expected to cause injury." *Id.* The bankruptcy court wrote, and the Sixth Circuit acknowledged, that "the [state] judgment establishe[d] that [the statements] were defamatory in character *and* intentional in nature." *Kennedy*, 249 F.3d at 581 (citing *Kennedy*, 243 B.R. at 6) (emphasis added).

Clearly, proof of an intentional publication and known falsity was integral to *Kennedy*. Indeed, in articulating the test for nondischargeability under § 523(a)(6), the Sixth Circuit stated that "only acts done with intent to cause injury—and not merely done intentionally—rise to the level of willful and malicious injury." *Id.* at 581. In finding the requisite intent, the Sixth Circuit cited the Circuit Court's ruling, which "made reference to the fact that Debtors made these statements *intentionally* inasmuch as Debtors continued to make the statements to third parties even *after* they became *aware* [of their falsity]." *Id.* at 582-3 (emphasis added).

In the case before this Court, the record is bare as to any evidence of the Debtor's intent or knowledge of falsity. The fact that the Circuit Court verdict found Defendant liable for defamation per se does not, in itself, demonstrate the requisite mental state of "willful and malicious." According to the Sixth Circuit, "an act is 'malicious' for purposes of section 523(a)(6) if it is done 'in conscious disregard of one's duties or without just cause or excuse.'" *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (quoting *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)); *see also Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 308 (6th Cir. BAP 2004). Courts in the Sixth Circuit have held that a defamatory statement is not "malicious" unless the debtor knew the statement was false when he made it. *See Wheeler*, 783 F.2d at 615; *Qui v. Zhou (In re Zhou)*,

7

331 B.R. 274, 277 (Bankr. E.D. Mich. 2005); *see also Mitan v. Davis (In re Davis)*, 334 B.R. 874, 888–89 (Bankr. W.D. Ky. 2005) (dictum), *overruled on other grounds by In re Davis*, 347 B.R. 607 (W.D. Ky. 2006). Courts elsewhere have reached the same conclusion. *See, e.g.*, *In re Gorchev*, 275 B.R. 154, 170 (Bankr. D. Mass. 2002); *Langan v. Evers (In re Evers)*, 212 B.R. 945, 949 (Bankr. E.D. Wis. 1997). A debtor does not act in "*conscious* disregard of [his] duties," *Thirtyacre*, 36 F.3d at 700 (emphasis added), in making a defamatory statement that he may actually believe is true.

On the other hand, an act is only "willful" if both the act itself and the resulting injury—"the consequences of [the] act"—are intended. *Geiger*, 523 U.S. at 57. It is not enough, in other words, for the debtor merely to have committed an intentional act that happened to result in an injury. The debtor must have intended to cause the injury itself. And actual intent to cause the injury is critical: a lesser mental state—negligence or recklessness—will not suffice. *Id.* at 64.

Based on *Geiger* and the above Sixth Circuit precedent, it is clear that defamation per se, on its own, does not demonstrate the required mental state. Under Kentucky statute, defamation may be found where a person publishes a false statement either negligently or recklessly. And when that statement concerns criminal activity or business, defamation per se presumes harm, allowing a jury to award damages without the plaintiff presenting proof as to special harm. Thus, it logically follows, a false statement about business, published negligently, may constitute defamation per se.

Even if defamation per se presumed malice, as defined by Kentucky common law, a verdict of defamation per se does not conclusively prove that the defendant acted with malice (knowledge of falsity) or willfulness (intent to cause injury) as those terms are defined in federal law, under § 523(a)(6). *See Grogan v. Garner*, 498 U.S. 279, 284 (1991) (holding that the issue

8

of nondischargeability is a matter of federal law governed by the terms of the Bankruptcy Code). Clearly, knowledge of falsity and intent to injure were not presumed here, because the verdict required a finding of either knowing falsity *or* reckless disregard for the truth—not simply knowing falsity.

Such was the case in *Wheeler v. Laudani*, 783 F.2d 610 (6th Cir. 1986), a case closely resembling the one before this Court. There, a libel complaint pleaded that the debtor published a false statement "either with knowledge of its falsity *or* in reckless disregard of whether it was false." *Id.* at 615. The jury instructions contained the language "knowledge of its falsity *and* in reckless disregard of the truth." *Id.* The Bankruptcy Court noted it was "impossible on the current state of the record to divine whether the jury verdict rested on a finding that [the debtor] acted knowingly or merely recklessly." *Id.* Ultimately, the Court declined to find a "willful and malicious injury," reiterating that "[m]ere reckless disregard for the truth or falsity of the statement, which can support a libel verdict, is not a willful and malicious injury for purposes of § 523(a)(6)." *Id.*

As was the case in *Wheeler*, this Court simply cannot find that a potentially reckless act constitutes a "willful and malicious injury" under § 523(a)(6). Unlike in *Kennedy*, there is nothing in the record that demonstrates the necessary elements of "intent" and "knowledge." As a result, the doctrine of collateral estoppel cannot here apply, and the Plaintiff's Motion for Summary Judgment, as it relates to the defamation claim, must be denied.

### B. Abuse of Process Claim

Abuse of process is "the irregular or wrongful employment of a judicial proceeding." *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998) (citing *Stoll Oil Refining Company v. Pierce*, 337 S.W.2d 263 (Ky. 1960)). The essential elements of an action for abuse of process are: "(1) an

9

ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Id.* at 394-95.

In *In re Abbo*, the Sixth Circuit Court of Appeals found an abuse of process debt nondischargeable. 168 F.3d 930, 931 (6th Cir. 1999). There,

> [t]he State Court's instructions for the abuse of process charge required the jury to prove that the defendant 'used the legal process for an ulterior purpose' and that he 'intentionally' and improperly filed charges against the plaintiff to 'annoy and aggravate' him, causing direct injury to the plaintiff.

*Id.* Relying on the Supreme Court's definition of "willful and malicious injury" under § 523(a)(6), as set out in *Geiger*, the Sixth Circuit found that "[t]he State Court's judgment thus required the jury to find that the defendant willfully and maliciously injured the plaintiff by abusing the judicial process." *Id.* at 932.

In the case before this Court, the Circuit Court's instruction for abuse of process required the jury to find that the defendant "caused the civil action to be filed against [Plaintiffs], and his purpose in filing the civil action was to harass and annoy and was not in a good faith effort to prosecute that action." Clearly, by intervening in the action with the purpose to harass and annoy, Debtor committed a willful act in the use of process that was not proper, and did so with an ulterior purpose. To use the language of *Wheeler*, there was a "deliberate" injury, committed in "conscious disregard of one's duties or without just cause or excuse," 783 F.2d at 615, meeting the requirements of a "willful and malicious injury" under § 523(a)(6).

Based on the Circuit Court's judgment on the abuse of process claim, this Court finds that the issue of "willful and malicious injury," pursuant to § 523(a)(6), was actually litigated and determined in Circuit Court. Moreover, it was a necessary issue, and the parties had a full and fair opportunity to litigate this issue. Therefore, the Plaintiff's Motion for Summary Judgment, as it applies to the abuse of process claim, is hereby granted.

## **Conclusion**

For the forgoing reasons, the Motion for Summary Judgment as it relates to defamation is denied, and the Motion for Summary Judgment as it relates to abuse of process is granted. An Order incorporating the findings herein accompanies this Memorandum Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 17, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES S. FALLER, II ) | Case No. 13-11405(1)(7) |
| Debtor(s) ) | |
| ) | |
| JOE MICHAEL IRVIN et al. ) | AP No. 14-1004 |
| Plaintiff(s) ) | |
| ) | |
| vs. ) | |
| ) | |
| JAMES S. FALLER, II ) | |
| Defendant(s) ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that there are genuine issues of material fact and Plaintiffs are not entitled to judgment as a matter of law as to the claims of the Plaintiffs for defamation in Count I of their Complaint against Defendant/Debtor James S. Faller, II. Therefore, Plaintiffs' Motion for Summary Judgment as to Count I, be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law declaring all debts owed to Plaintiffs by Defendant/Debtor James S. Faller for claims for abuse of process in Count II of their Complaint are nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Therefore, Plaintiffs' Motion for Summary Judgment as to Count II, be and hereby is, **GRANTED**.

Accordingly, the Plaintiffs' Motion for Summary Judgment is **DENIED** in part, and **GRANTED** in part, as set forth herein.

This is a final and appealable Order.

*Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 17, 2016